# THE COURTS

## Title 204—JUDICIAL SYSTEM GENERAL PROVISIONS

### PART V.  PROFESSIONAL ETHICS AND CONDUCT

### [ 204 PA. CODE CH. 81 ]

§ 81.101. Definitions.

 The following words and phrases when used in these **[regulations]** <u>Regulations</u> shall have the meanings given to them in this section unless the context clearly indicates otherwise:

  <u>*Comparability Guidance*</u><u>.—**Guidance developed and updated from time to time by the IOLTA Board which addresses how Eligible Institutions should determine the comparable interest or dividend rate to be applied to IOLTA Accounts.  This guidance is made available online at www.paiolta.org and may also be obtained by writing to the IOLTA Board at P.O. Box 62445, Harrisburg, PA 17106-2445.**</u>

  *Eligible Institution.*—An Eligible Institution is a Financial Institution which has been approved as a depository of Trust Accounts pursuant to Pa.R.D.E. 221(h).

  *Fiduciary.*—A Fiduciary is a lawyer acting as a personal representative, guardian, conservator, receiver, trustee, agent under a durable power of attorney, or other similar position. A lawyer acting as a settlement agent, escrow agent, common law agent (other than agent under a durable power of attorney), or representative payee is not acting as a Fiduciary.

  *Fiduciary Funds.*—Fiduciary Funds are Rule 1.15 Funds which the lawyer holds as a Fiduciary. Fiduciary Funds may be either Qualified Funds or Nonqualified Funds. Funds held by a lawyer acting as a settlement agent, escrow agent, common law agent (other than as an agent under a durable power of attorney) or in a similar capacity are not Fiduciary Funds.

  *Financial Institution.*—A Financial Institution is an entity which is authorized by federal or state law and licensed to do business in the Commonwealth of Pennsylvania as one of the following: a bank, bank and trust company, trust company, credit union, savings bank, savings and loan association or foreign banking corporation, the deposits of which are insured by an agency of the federal government, or as an investment adviser registered under the Investment Advisers Act of 1940 or with the Pennsylvania Securities Commission, an investment company registered under the Investment Company Act of 1940, or a broker dealer registered under the Securities Exchange Act of 1934.

  **[*Good faith*]** <u>*Good Faith*</u>.—Honesty in fact in the conduct or transaction concerned.

*Interest on [**Lawyer**] <u>Lawyers</u> Trust Account (IOLTA) Account.*—An IOLTA Account is an [**income producing**] <u>**income-producing**</u> Trust Account from which funds may be withdrawn upon request as soon as permitted by law. Qualified Funds are to be held or deposited in an IOLTA Account.

*IOLTA Board.*—The IOLTA Board is the Pennsylvania Interest On Lawyers Trust Account Board.

*Lawyer.*—A member in good standing of the bar of the Supreme Court of Pennsylvania, who is not an active or senior member of the judiciary. The term ''lawyer'' also includes a partnership of lawyers, a professional association of lawyers, and a professional corporation or other organization whose members or shareholders are engaged in the practice of law.

*Member of the Judiciary.*—An individual who has been admitted to the Pennsylvania Bar and who has been appointed or elected and is serving as a judicial official of any state or of the United States of America and whose position prohibits the individual from the practice of law within the territorial jurisdiction when the individual serves as a judge. This term shall not include a lawyer who is permitted to and who voluntarily chooses to maintain active lawyer status in Pennsylvania so long as the judicial position does not prevent him or her from practicing law in Pennsylvania.

*Non-IOLTA Account.*—A Non-IOLTA Account is an [**income producing**] <u>**income-producing**</u> Trust Account from which funds may be withdrawn upon request as soon as permitted by law in which a lawyer deposits Rule 1.15 Funds. Only Nonqualified Funds are to be held or deposited in a Non-IOLTA Account. A Non-IOLTA Account shall be established only as:

  (i)   a separate client Trust Account for the particular client or matter on which the net income will be paid to the client or third person; or

  (ii)   a pooled client Trust Account with sub-accounting by the Eligible Institution or by the lawyer which will provide for computation of net income earned by each client's or third person's funds and the payment thereof to the client or third person.

*Nonqualified Funds.*—Nonqualified Funds are Rule 1.15 Funds, whether cash, check, money order or other negotiable instrument, which are not Qualified Funds.

*Qualified Funds.*—Qualified Funds are Rule 1.15 Funds which are nominal in amount or are reasonably expected to be held for such a short period of time that sufficient income will not be generated to justify the expense of administering a segregated account or separately accounting for the income earned on the Rule 1.15 Funds.

*Regulations.*—These regulations adopted by the IOLTA Board, and approved by the Supreme Court of Pennsylvania, as they may be amended from time to time.

*Rule 1.15 Funds.*—Rule 1.15 Funds are funds which the lawyer receives from a client or third

person in connection with a client-lawyer relationship, or as an escrow agent, settlement agent or representative payee, or as a Fiduciary, or receives as an agent, having been designated as such by a client or having been so selected as a result of a client-lawyer relationship or the lawyer's status as such.

*Third Party Owner.*—The client or third person whose funds are in the custody of a lawyer.

*Trust Account.*—A Trust Account is an account in an Eligible Institution in which a lawyer holds Rule 1.15 Funds. A Trust Account must be maintained either as an IOLTA Account or as a Non-IOLTA Account.

§ 81.105. Eligible Institutions.

(a) The Supreme Court of Pennsylvania approves Financial Institutions in which a lawyer may maintain a Trust Account. Financial Institutions which are approved as depositories of Trust Accounts are Eligible Institutions. A list of Eligible Institutions is published from time to time pursuant to Pa.R.D.E. 221.

(b) In order to be approved as an Eligible Institution, the Financial Institution must comply **[not only]** with applicable provisions of Pa.R.P.C. 1.15, **[but also]** Pa.R.D.E. 221**, and the Regulations contained in this subchapter.**

(c) All lawyers must deposit Rule 1.15 Funds which are not Qualified Funds in a Trust Account with an Eligible Institution, unless an agreement exists between the Third Party Owner and the lawyer to use another investment vehicle. However, if the funds are Fiduciary Funds they may be maintained in an investment or account which is authorized by the law applicable to the entrustment or the terms of the instrument governing the Fiduciary Funds.

(d) All lawyers must deposit Rule 1.15 Funds which are Qualified Funds in an IOLTA Account with an Eligible Institution. However, if the funds are Fiduciary Funds, they may be maintained in an investment or account which is authorized by the law applicable to the entrustment or the terms of the instrument governing the Fiduciary Funds.

(e) Acceptable account title: The lawyer must specifically identify an IOLTA **Account [account]** with the words ''IOLTA Trust Account'' or ''IOLTA Escrow Account'' and the name of the lawyer or the law firm who maintains the account in the main title of the account.

(f) Acceptable title on checks/deposit slips: The word ''IOLTA'' need not be placed on checks or deposit slips.

(g) Provision of Information**[.]:** The Eligible Institution must provide the following information to the IOLTA Board and to the lawyer who maintains the IOLTA Account at the time of each remittance:

(i) The name of the account;

(ii)   The service charges or fees deducted, if any;

(iii)   The amount of income remitted from the account;

(iv)   The rate of income applicable to each account; and

(v)   If available, the average daily balance in the IOLTA Account.

§ 81.106. Income on IOLTA Accounts.

 (a)  The rate of interest or dividend paid on IOLTA Accounts shall be not less than the highest rate of interest or dividend generally available from the Eligible Institution to non-IOLTA customers when the IOLTA Account meets the same minimum balance or other **account** eligibility qualifications.

 (b)  An Eligible Institution shall be deemed to have satisfied the requirements of subsection (a) of this regulation only if the Eligible Institution is in compliance with **the** Comparability Guidance published by the IOLTA Board from time to time.

 (c)  Each Eligible Institution shall **[file with] submit to** the IOLTA Board **for review and approval** a Compliance Certification Form, **[certifying] which identifies the rate of interest or dividend to be paid on IOLTA Accounts and certifies the Eligible Institution's** compliance with **the IOLTA Regulations and** Comparability Guidance **[in effect from time to time]**. **Prior to changing a rate of interest or dividend that was previously approved by the IOLTA Board, or when the rate of interest or dividend for comparable products exceeds the rate listed in the Eligible Institution's most recently approved Compliance Certification Form, the [The]** Eligible Institution shall **[be responsible for filing] submit** a new Compliance Certification Form **[when information previously provided]** to the IOLTA Board **[becomes inaccurate] for review and approval**.

 (d)  Remittance of income: All income earned under the IOLTA program must be remitted to the IOLTA Board at least every quarter.  **Eligible Institutions shall honor requests by the IOLTA Board to recover income that was not remitted to the IOLTA Board, in accordance with the Eligible Institution's most recently approved Compliance Certification Form, during the twelve months preceding the IOLTA Board's request.**

§ 81.112. Refunds.

 (a)  The IOLTA Board may return income paid to the IOLTA Board under certain circumstances. **[If] For example, if** a lawyer mistakenly places Nonqualified Funds in an IOLTA Account, or if the lawyer reasonably believed that Rule 1.15 Funds were Qualified Funds, but the Rule 1.15 Funds were in fact not Qualified Funds, then the lawyer may apply for a refund of income paid to **the** IOLTA **Board**.  **Additionally, if an Eligible Institution erroneously remits to the IOLTA Board income that should have been properly directed to a different jurisdiction's interest on lawyers trust account program, then the impacted**

4

**lawyer, financial institution, or other jurisdiction's interest on lawyers trust account program may apply for a refund of the income paid to the IOLTA Board.**

(b) The following guidelines apply to **requests** [applications] for [return of income] **a refund**:

(i) [The lawyer must make the application in writing on firm letterhead.] **All requests must be made on the letterhead of the party making the request (i.e., the impacted lawyer, financial institution, or other jurisdiction's interest on lawyers trust account program), and all requests must set forth in reasonable detail the basis for the requested refund.**

(ii) [The application] **Requests** must be accompanied by verification [from] **of the income paid for which a refund is sought. Verification must be made by** the Eligible Institution [in] **at** which the IOLTA Account is maintained [**of the income earned on the Rule 1.15 Funds for which a refund is sought**]. As needed for auditing purposes, the IOLTA Board may request additional documentation.

(iii) The [application must be] **IOLTA Board will only consider requests where the income to be refunded was** received by the IOLTA Board [**within six months after the Rule 1.15 Funds have been disbursed from the IOLTA Account**] **during the twelve-month period prior to the IOLTA Board receiving the written request for a refund**.

(iv) [The refund] **Refunds** will be remitted **through the Eligible Institution that transmitted the income** to the [**lawyer for his/her distribution to the Third Party Owner. The**] IOLTA Board [**will issue**] **unless** an **alternative method is requested and agreed to by the IOLTA Board.** [**IRS (Internal Revenue Service) form 1099 to the lawyer who, in turn, is responsible for issuing an IRS form 1099 to the Third Party Owner.**]

(v) If the Eligible Institution has imposed a service charge with respect to the [**deposit**] **IOLTA Account**, only the net amount of income paid to the IOLTA Board (reduced by applicable service charges) will be refunded.

(vi) The IOLTA Board may **impose and** deduct a processing charge from the refund.


## Appendix A

# The Pennsylvania Interest on Lawyers Trust Account Board

# *Promulgated by the Pennsylvania Interest on Lawyers Trust Account Board and Approved by the Supreme Court of Pennsylvania*

These **[regulations]** <u>Regulations</u> are to be read and applied in connection with the Pennsylvania Rules of Professional Conduct. Nothing in these **[regulations]** <u>Regulations</u> shall be construed to relieve a lawyer of any provision of the Pennsylvania Rules of Professional Conduct. Where these **[regulations]** <u>Regulations</u> contain directives pertaining to the Interest on Lawyers Trust Account program which are more specific than those set forth in the Pennsylvania Rules of Professional Conduct, the provisions of these **[regulations]** <u>Regulations</u> shall control.

# Questions and Answers Concerning Pennsylvania IOLTA

**STATEMENT OF PURPOSE**

The following is a representation of the questions most frequently asked of the Pennsylvania Interest on Lawyers Trust Account Board (the ''IOLTA Board'') and the answers given. Some of the answers paraphrase the actual Rules of Professional Conduct or Regulations of the IOLTA Board. Reference should be made to the Rules and to the Regulations when appropriate.

*What is the Basic Concept of IOLTA?*

Clients and third persons frequently transfer monies to lawyers to hold. Rule 1.15 of the Pennsylvania Rules of Professional Conduct generally requires the lawyer to deposit all monies of clients and third persons (''Rule 1.15 Funds'') in a Trust Account. When the amount is large or if the funds will be held for an extended period of time, lawyers invest them for the benefit of the owner. These funds are known as Nonqualified Funds. But when the funds are nominal in amount or expected to be held for a short time, they cannot practically be invested to benefit the owner of the funds. These funds are Qualified Funds.

Rule 1.15 of the Pennsylvania Rules of Professional Conduct requires a lawyer to deposit Qualified Funds in a particular type of Trust Account: an **[income producing]** <u>income-producing</u> IOLTA Account. The result is that funds that would otherwise earn no income can be put to constructive use.

The lawyer's Eligible Institution transfers the income earned on IOLTA Accounts (''IOLTA Funds''), no less frequently than quarterly, to the IOLTA Board. The IOLTA Board

6

distributes the IOLTA Funds for the delivery of civil legal assistance to the poor and disadvantaged, educational legal clinical programs and internships administered by law schools, the administration of justice, and for the administration and development of the IOLTA program.

*How do lawyers comply with the IOLTA requirements of Rule 1.15?*

IOLTA Accounts may be maintained only at Eligible Institutions approved by the Supreme Court of Pennsylvania.

An ''Enrollment Form for Lawyers and Law Firms'' can be used to direct the Eligible Institution to open or convert one or more of the lawyer's Trust Account(s) to **[income producing] income-producing** IOLTA Accounts. Submit the second copy of the enrollment form, along with a list of all the lawyers who use the IOLTA Account in the regular course of their practice, to the IOLTA Board.

On an annual basis as part of the licensing process, lawyers are required to certify compliance with Rule 1.15 of the Pennsylvania Rules of Professional Conduct regarding the handling of funds and other property of clients or third persons (''Third Party Owners'') and the maintenance of their IOLTA Accounts.

*What will happen if a lawyer does not comply with Rule 1.15?*

If a lawyer does not comply with the requirements outlined in Rule 1.15 of the Pennsylvania Rules of Professional Conduct, he or she will be subject to the same disciplinary penalties as any lawyer who does not comply with any of the other requirements for the practice of law in Pennsylvania.

The IOLTA Board will refer to the Office of Disciplinary Counsel the names of lawyers who do not comply with IOLTA.

*Are any exemptions from IOLTA participation allowed?*

Yes, a lawyer may apply for an exemption from the requirement that all Qualified Funds be placed in an IOLTA Account. However, the exemption will be granted by the IOLTA Board only for one of the reasons specified in Rule 1.15. Write to the IOLTA Board if you believe any of the permitted exemptions apply. Exemptions will be granted if:

**[(A)   the nature of the lawyer's practice does not require the routine maintenance of a Trust Account in Pennsylvania;]**

**[(B)   the establishment of an IOLTA Account would work an undue hardship on the lawyer or would be extremely impractical, based either on the geographical distance between the lawyer's principal office and the closest Eligible Institution or on other compelling and necessitous factors;]**

**[(C) the lawyer's historical annual Trust Account experience, based on information from the Eligible Institution in which the lawyer deposits Rule 1.15 Funds, demonstrates the service charges on the Trust Account would significantly and routinely exceed any income generated.]**

**(i)   Low balance account: If the average daily balance of your current IOLTA Account, as measured over twelve months, is less than $5,000, you may request an exemption.**

**(ii)   Account service charges routinely exceed income: If the bank service charges assessed on your current IOLTA Account routinely exceed the income earned, you may request an exemption.**

**(iii)   Extreme impracticality or undue hardship: Under limited circumstances it would be unduly burdensome for a lawyer to maintain a Trust Account as an IOLTA Account. An example includes the lack of an Eligible Institution that offers IOLTA Accounts in the lawyer's geographical location.**

**(iv)   Other compelling and necessitous reasons: There may be compelling and necessitous reasons justifying an exemption from the requirement that the lawyer maintain a Trust Account as an IOLTA Account. A lawyer who demonstrates a compelling and necessitous reason for not complying with the IOLTA Board Regulations may request an exemption. A philosophical objection to the IOLTA Program or the IOLTA Board Regulations does not constitute a compelling and necessitous reason for an exemption.**

*What funds are to be placed in IOLTA Accounts?*

Qualified Funds are monies of a client or third person received by a lawyer, that in the [**good faith**] **Good Faith** judgment of the lawyer, are nominal in amount or which the lawyer reasonably expects to be held for such a short period of time that sufficient income will not be generated to justify the expense of earning income to benefit the client or third person.

A lawyer will not be liable for damages or held to have breached his or her professional responsibility because monies are deposited in an IOLTA Account pursuant to the lawyer's judgment in [**good faith**] **Good Faith** that the monies are Qualified Funds.

However, the lawyer should review the funds held in his/her IOLTA Account at reasonable intervals to determine whether circumstances have changed that require changes with respect to the Rule 1.15 Funds held in the IOLTA Account.

*Who pays taxes on the income earned on IOLTA accounts?*

Nobody. The Internal Revenue Service (IRS) has ruled that there are no tax consequences to the Third Party Owner, the lawyer or the IOLTA Board. Also, there is no IRS reporting requirement for the lawyer, Eligible Institution or Third Party Owner since all IOLTA accounts will use the Tax Identification Number of the IOLTA Board.

*May a lawyer still open a separate account for funds of Third Party Owners?*

Certainly. Rule 1.15 Funds are defined to include funds received from a client or third person in connection with a client-lawyer relationship, as an escrow agent, settlement agent, representative payee, or as a Fiduciary. Rule 1.15 Funds also include funds received as an agent, having been designated as such by a client or having been selected as such because of a client-lawyer relationship or the lawyer's status as a lawyer. The lawyer must determine whether Rule 1.15 Funds are Qualified Funds or Nonqualified Funds. Nonqualified Funds shall be placed either in a Trust Account or in another investment vehicle specifically agreed upon by the lawyer and the Third Party Owner. Nonqualified Funds which are Fiduciary Funds shall be placed either in a Trust Account or in another investment or account which is authorized by the law applicable to the entrustment or the terms of the instrument governing the Fiduciary Funds.

*How does the IOLTA program affect financial institutions?*

Financial **[institutions]** **Institutions** are not mandated to participate in IOLTA. However, **[financial institutions]** **Financial Institutions** that wish to offer Trust Accounts into which lawyers can deposit Rule 1.15 Funds (whether Qualified or Nonqualified Funds) must be approved by the Supreme Court of Pennsylvania. A list of Eligible Institutions can be obtained from the Disciplinary Board.

An IOLTA Account is an unsegregated Trust Account for the deposit of Qualified Funds by a lawyer. The income payable on an IOLTA Account cannot be less than the highest rate of interest or dividend generally available from the Eligible Institution to its non-IOLTA Account customers when the IOLTA Account meets or exceeds the same minimum balance and other account eligibility qualifications. Eligible Institutions remit income earned at least quarterly to the IOLTA Board.

Eligible Institutions must transmit to the IOLTA Board and to the lawyer who maintains the IOLTA Account a statement showing certain information. This includes, at a minimum, the name of the account, the service charges or fees deducted, if any, and the amount remitted from the lawyer's IOLTA Account. If available, the Eligible Institution shall also provide information regarding the average daily balance in the account.

*Where do IOLTA Funds go?*

Income earned on IOLTA Accounts may be used only for the following purposes:

    (1) delivery of civil legal assistance to the poor and disadvantaged in Pennsylvania by non-profit corporations which are tax-exempt under the Internal Revenue Code;

    (2) educational legal clinical programs and internships administered by law schools located in Pennsylvania;

    (3) the administration of justice in Pennsylvania; and

(4) the administration and development of the IOLTA program in Pennsylvania.

All disbursements and allocations of IOLTA funds are subject to the prior approval of the Supreme Court of Pennsylvania.

*Who is the IOLTA Board?*

The IOLTA Board is the Pennsylvania Interest on Lawyers Trust Account Board composed of nine members appointed by the Supreme Court of Pennsylvania.

*What if a lawyer mistakenly deposits funds which are not Qualified Funds into an IOLTA Account?*

As long as the lawyer used **[good faith] Good Faith** judgment, the lawyer will not be liable in damages for placing Nonqualified Funds into an IOLTA Account, nor will the lawyer be held to have breached any fiduciary duty or responsibility because monies were deposited into an IOLTA Account. Additionally, if timely requested, a refund of income earned on an IOLTA Account and received by the IOLTA Board attributable to the mistaken deposit, net of an administrative charge, will be **returned to the remitting Eligible Institution, unless an alternative method is approved by the IOLTA Board** [**made to the lawyer for distribution to the Third Party Owner**].

*May all lawyers in a law firm use the same IOLTA Account?*

Yes. If a law firm established an IOLTA Account, each lawyer who deposits all Qualified Funds in that account will be deemed to be in compliance with IOLTA. This account must be set up according to IOLTA **[regulations] Regulations**. Each lawyer is ultimately responsible to ensure that he or she is in compliance with IOLTA.

*Where may a lawyer deposit Qualified Funds?*

IOLTA Accounts must be maintained in an Eligible Institution.  An Eligible Institution is a Financial Institution which has been approved as a depository for trust accounts pursuant to Rule 221(h) of the Pennsylvania Rules of Disciplinary Enforcement ("Pa. R.D.E.").  Financial Institutions include those entities which are identified in Rule 1.15(a)(4) and Pa. R.D.E. 221(a)(2).  Information regarding Eligible Institutions can be found at www.paiolta.org. Eligible Institutions have various deposit insurance arrangements, and some may not have deposit insurance for some deposit arrangements. Lawyers are reminded of their responsibility under Rule 1.15(b) to safeguard appropriately all funds and property in the lawyer's possession in connection with a client-lawyer relationship.

*What if a lawyer only practices law for part of the year?*

The lawyer must comply with the IOLTA rules, even if he or she only practices law for part of the year.

*What types of legal employment are excluded from IOLTA?*

A lawyer whose employment does not result in the handling of Rule 1.15 Funds will generally be excluded from IOLTA. Examples include corporate or governmental lawyers, judges, and law school professors as long as they do not maintain a private practice.

*What are some factors which should be used to determine whether monies are Qualified Funds?*

Factors which can be used to determine which monies are Qualified Funds include: (1) the cost to the lawyer of establishing and maintaining account(s) benefiting the client or third person; (2) the Eligible Institution's service charges; (3) the minimum deposit requirements; (4) the accounting fees; (5) the tax reporting requirements; (6) the nature of the transaction(s) or proceedings(s) involved; and (7) the likelihood of delay in the relevant transaction(s) or proceeding(s).

*Must a lawyer who receives funds while acting as a fiduciary deposit those funds into an IOLTA Account?*

Rule 1.15, as amended on September 4, 2008, specifically includes funds received by a lawyer as a personal representative, guardian, conservator, receiver, trustee, agent under durable power of attorney, or other similar positions as Rule 1.15 Funds. As such, those funds, pursuant to Rule 1.15(b), must be maintained separate from the lawyer's own property. Pursuant to Rule 1.15(d), Fiduciary Funds continue to be governed by the law, procedure and rules governing the requirements of confidentiality and notice applicable to the fiduciary entrustment. Pursuant to the provisions of Rule 1.15(e), the delivery, accounting and disclosure of Fiduciary Funds continues to be governed by the law, procedure and rules governing the requirements of fiduciary administration, confidentiality, notice and accounting applicable to the fiduciary entrustment. If the Fiduciary Funds are Qualified Funds, they may be deposited in an IOLTA Account, or they may be maintained in another account consistent with the Fiduciary entrustment.

*Must a lawyer who receives funds of clients or third persons other than in connection with a client-lawyer relationship deposit those funds in a Trust Account, including an IOLTA Account?*

Under certain circumstances, yes. The responsibilities of a lawyer which are identified in Rule 1.15 with respect to funds of clients or third persons are not restricted to funds received in connection with a client-lawyer relationship. The lawyer's responsibilities with respect to such funds may arise under Rules of Professional Conduct 1.15, 5.7 or both.

As amended by Order of the Supreme Court of Pennsylvania dated September 4, 2008, the definition of Rule 1.15 Funds specifically includes funds which the lawyer receives from a client or third person as an escrow agent, settlement agent, representative payee, as an agent having been designated as such by a client, or having been selected as an agent as a result of a client-lawyer relationship or the lawyer's status as a lawyer. Those funds are subject to Rule 1.15 and must be kept separate from the lawyer's own property. Pursuant to Rule 1.15(k), all Nonqualified Funds which are not Fiduciary Funds shall be placed in a Non-IOLTA Account or

11

in another investment vehicle specifically agreed upon by the lawyer and the Third Party Owner. Qualified Funds must be placed in an IOLTA Account.

Rule of Professional Conduct 5.7 provides that a lawyer is subject to the Pennsylvania Rules of Professional Conduct with respect to the provision of both legal and nonlegal services if a lawyer provides nonlegal services that are not distinct from legal services. Rule of Professional Conduct 5.7(e) defines "nonlegal services" as "services that might reasonably be performed in conjunction with and in substance are related to the provision of legal services, and that are not prohibited as unauthorized practice of law when provided by a **[non lawyer] nonlawyer**." Even if the nonlegal services are distinct from legal services, the lawyer is still subject to the Rules of Professional Conduct: (i) if the lawyer knows or reasonably should know that the recipient of the services might believe that the recipient is receiving the protection of a client-lawyer relationship, or (ii) if the lawyer is an owner, controlling party, employee, agent, or is otherwise affiliated with an entity providing nonlegal services and the lawyer knows or reasonably should know that the recipient of the service might believe that the recipient is receiving the protection of a client-lawyer relationship. In each of these cases, the lawyer will be subject to the obligations of Rule 1.15 of the Pennsylvania Rules of Professional Conduct and these Regulations as if a client-lawyer relationship existed with the recipient of the services. The lawyer then must deposit all funds of the client or a third person which are received in connection with that relationship in a Trust Account, regardless of whether the funds resulted from legal or nonlegal services. If the funds are Qualified Funds, those funds are to be placed in an IOLTA Account.

*Who pays the service charges for IOLTA Accounts?*

Account service charges on an IOLTA Account will be paid by offsetting the service charges against income earned on that account.

Bank charges pertaining to the lawyer's practice (e.g. check printing charges, overdraft charges, charges for temporary extensions of credit, etc.) and costs billable to others (e.g. overdraft charges on deposited items, certified checks, wire transfers, etc.), will be the responsibility of the lawyer.

*How can I find out more about IOLTA?*

For additional information concerning IOLTA, contact the office of the IOLTA Board by calling (717) 238-2001. The IOLTA Board's fax number is (717) 238-2003.